UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEAU JAMES ELLENBECKER,

    Plaintiff,

  v.            Case No. 20-C-1279

PAUL VANDERLINDEN and
MUNCHEEZ PIZZERIA,
a/k/a VanderLinden Business Ventures LLC,

    Defendants.

## SCREENING ORDER

Plaintiff Beau James Ellenbecker, who is currently representing himself, filed a complaint against Defendants Paul VanderLinden and Muncheez Pizzeria, also known as VanderLinden Business Ventures LLC, on August 19, 2020. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, which permits an indigent plaintiff to commence a federal court lawsuit without paying the required filing fee. A motion seeking such relief must be supported by an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears Plaintiff cannot afford the filing fee. Accordingly, Plaintiff's motion for leave to proceed without prepayment of the filing fee is granted.

## SCREENING OF THE COMPLAINT

The court is authorized to screen the complaint to "save everyone time and legal expense." *See Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## THE COURT'S ANALYSIS

Plaintiff states he worked for VanderLinden at Muncheez Pizzeria from mid-May 2019 to October 25, 2020. Plaintiff alleges that, during that time frame, VanderLinden was not paying him in accordance with the law. Plaintiff claims he quit and filed a "USDOL investigation." Plaintiff alleges that, as a result of that investigation, VanderLinden owed Plaintiff backpay. Plaintiff asserts the backpay was to be paid by July 26, 2020, but it has not been paid.

Even construing Plaintiff's complaint liberally, Plaintiff has not stated a claim for which relief can be granted in this court. Plaintiff may not proceed on a claim under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* Plaintiff vaguely asserts that VanderLinden did not pay him in accordance with the law, but he offers no additional facts to support his allegation and does not reference any specific provision of the FLSA. The complaint only offers scant factual allegations, from which the court cannot determine whether Plaintiff can plausibly state a claim under the FLSA. Instead, it appears Plaintiff is attempting to assert a breach of contract claim. Plaintiff has pled that all of the parties are residents of Wisconsin; thus, diversity jurisdiction is plainly unavailable for any state law claims contained in the complaint.

Plaintiff has failed to state a claim upon which relief can be granted in this court. The complaint will be dismissed with leave to amend to allow Plaintiff one more chance to state a claim. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("Courts should grant pro se litigants leave to amend a complaint at least once, unless it is certain from the face of the complaint that amendment would be futile or otherwise unwarranted."). If Plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **September 26, 2020**. Failure to file an amended complaint within this time period may result in dismissal of the action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 26, 2020**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

Dated at Green Bay, Wisconsin this 27th day of August, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge